May it please the Court, my name is Steve Lechner and I represent the plaintiff's appellants Marvin M. Brandt and Marvin M. Brandt Revocable Trust. Mr. Brandt is appealing the Court of Federal Claims dismissal of his taking case for lack of jurisdiction under Section 28 U.S.C. 1500. There are two primary questions. On appeal, did the Court of Federal Claims err in ruling that a claim is pending in another court for purposes of Section 1500 when the claims in the court have been decided but that the time to appeal has not yet expired? The other question is, did the Court of Federal Claims err in ruling that Mr. Brandt's taking claim was based on substantially the same operative facts as the counterclaim he asserted in the Wyoming District Court? Can I ask you just a background question for clarification? I want to understand because it seems to me maybe there was some tension between blue and gray in this regard. With respect to your briefs, we live by color here, is your argument with respect to what was pending or not pending and therefore should have been allowed to file with the Court of Claims, is that exclusively the taking case that was dismissed or does that go to the quiet title claims that were also in play? The quiet title issues that were decided by the Wyoming District Court. It would seem that it only goes to the taking, I mean you are doing gray, the motion to dismiss because the claims were dismissed, which goes to the taking claims, then those were the ones that you were okay under Tohono in bringing forward to the Court of Claims during that window period, right? Right. Okay, and then you use the operative facts or the absence of operative facts to then say because it was okay to bring the takings, you could still do it because there is no similarity between the operative facts of the taking and... I'm sorry, I'm really getting confused here. Okay, well then why don't you tell us what your, I'm sorry, why don't you tell us affirmatively what your... My position is the takings counterclaim is irrelevant because the District Court clearly had no jurisdiction over it. That's my argument. Irrelevant? I'm sorry, did you rely on Love Ladies for that proposition? Love Ladies and Eastern Shawnee recognized what Love Ladies said. Eastern Shawnee in a footnote does describe Love Ladies, but Eastern Shawnee gets vacated by those two courts. I understand. So we can't... I understand. ... rely on Eastern Shawnee as... Well, the Love Ladies ruled... ... it's not binding. I mean, we might think that what the judge there said was interesting, but we, it's not binding, right? Right. Okay, so Love Ladies, is that really a holding in Love Ladies? Well, it certainly suggests that claims in which the District Court lacks jurisdiction do not apply with Section 1500 analysis. That's, and especially since there is no jurisdiction, I mean, the government even recognized this in seeking to dismiss the takings counterclaims, it was not right. So we didn't have Article III jurisdiction. And two, the District Court lacked jurisdiction in the Little Tucker Act, because we wanted more than $10,000. So there was nothing, it was pled, it was exercising abundance of caution. Clearly it was even stated in the counterclaim that the court didn't have jurisdiction, but we were trying to protect our rights to ultimately seek takings if the case turned out poorly for us. So as I see it, there are three stages to your argument. The first is, neither claim was pending. Right. All right. Neither claim was pending as of the time you filed. All right. And if you win on that, we don't have to decide on anything else. Don't have to look at anything else. Right. So your second argument is, if anything was pending, it was only the quiet title claim because of the statement in Lovelady's that there was no jurisdiction in the District Court. Which the District Court agreed with. Right? Right? The District Court agreed? The District Court agreed that it didn't have jurisdiction. Right. Right. All right. So, and if that's true, then we need to go to the next step and to say, all right, if only one was pending, and you lose on that issue about pending, then we've compared the operative facts. Right. And at that point, you think we would only be comparing the operative facts between the quiet title action and the takings claim. And I think as the operative facts... Did I outline those? Yes, those are very good, but there's a little kicker at the end that the operative fact also, if the takings counterclaim is still in play, the operative facts are different. Because the operative facts for the taking court claims case was the judicial, the judgment, the 2009 judgment, judicial decree of abandonment, and the engrafting of a recreational trail over the railroad easement. That is still, I submit, different than what was the takings counterclaim was pled in the District Court. Can I... Because the recreational trail wasn't even an issue. It came out of the blue when the judge issued the judgment saying that the scope of the railroad easement included the right to a recreational trail. All right, well, I'm only speaking for myself here, but if you lose on everything and we've got the takings counterclaim pending and legally operative because it doesn't matter that there was no jurisdiction, then I can't imagine that you could win on the operative facts comparison at that point. So let's focus on the first couple of steps. But I was a little... If you could amplify that, and I think in your discussion with Judge O'Malley, which was relying on loveladies, but even if we think we're somehow bound by something in loveladies, that only goes to the takings claim, right, not to the second part, which is saying that the other counterclaims were also not pending, right? So you've got to give us something on the pending debate, more than loveladies. Well, it's the plain meaning rule. Plain meaning of pending means remaining undecided, awaiting decision. It's undisputed that we filed in the Court of Federal Claims after the district court rejected both of the counter... All the counterclaims. And we filed here in the Court of Federal Claims before we filed the Tenth Circuit Appeal. There was nothing pending when we filed here in the Court of Federal Claims. What's the status of the Tenth Circuit Appeal? Still waiting for a decision. But you've briefed and argued it? Argued it in 2010, May of 2010. Okay. So it was... I was studying the district court docket. There were a number of things classified as judgments. So I take it the Tenth Circuit accepted those as entry of final judgment at the district court level. I don't think... There's no issue of jurisdiction. There is no issue of jurisdiction at the Tenth Circuit regarding our appeal. Okay. With regard to the discussion of the plain meaning of the word pending, if the suit's not pending before the district court and the notice of appeal hasn't been filed yet, if it's not pending before the Court of Appeals, where is it? It's... Oh? It does... There's an interim period in your view of the word not pending. There's an interim period in this litigation in which the suit doesn't exist or it's not pending but it exists or what? How would you describe it? Well, it would become a pending again after the appeal was filed. But the window of opportunity, it's not pending anywhere in any of the courts. I mean, this court in Boston Five Cents pretty much addressed this issue. Well, I think in fairness, I mean, I think whether you're right or wrong on this question, I think Boston Five Cents is somewhat different from this, right? This was about... Boston Five Cents was amending a complaint which was never amended. So, nothing had ever happened. There was nothing ever pending before the district court. Yeah, but the government argued in the claims court agree that the putative amended claim was pending for purposes of Section 1500s and the claims court dismissed the claims court action. Right. Now, on appeal, this court, I like to quote, according to the government, until the damage claim raised in the district court is resolved on appeal, that claim is pending, thus barring the claims court from accepting jurisdiction under Section 1500. We disagree. Right. Clearly addressed... Because the complaint had never been amended, right? Yes. Wasn't the dispute of what was missing there something that they had moved to amend the claim? They had moved... They had remanded. On remand, they came back. They moved to add a money claim. Yeah. And the court said no, so then they came over to the court... So, the piece that... The question of what was pending and what wasn't was what they were trying to amend the complaint with, but it never succeeded at any stage of the proceedings, right? Yeah, but they had the right to appeal the denial. It's much like the government's arguing here that the right to appeal, therefore, is pending. They won on that issue at the claims court, but this court reversed it and said, no, it's not pending, even though you have a right to appeal. In Boston, for instance, the court really didn't analyze the basis for its holding. It just said it was disagreeing with the government's argument. Well, yeah, but that's what the government had won on below, and that's what they were advocating on appeal, and the court said no. I mean, there was other things about similarity and relief and all that good stuff, but on this issue, it wasn't pending. And if that wasn't pending... I mean, the argument the government's making now is in direct conflict with the argument they made in Boston 5, and it also detracts from their argument that a claim that there is no jurisdiction for isn't pending. The government argues that the claim wasn't pending because it was never added to the case, but that case had jurisdiction, and that was more of a case than a case that has no jurisdiction. Because if a case has no jurisdiction, all the court can do is dismiss it. It's not pending. It doesn't exist in the eyes of the law when jurisdiction's lacking, especially when it was lacking under Article 3 and under the Little Tucker Act. Did Lovelady's expressly overrule France? France, I think, only stands... The only remaining in France may be the fact that a counterclaim is a suit or process. I think that's the only thing left in France. So you're saying that because Lovelady was en banc, even though it didn't affirmatively overrule France, it had that impact? I think that's the state of the law today, of what's left. And why do you reach that conclusion? Because that's what France is still cited for by the courts, is the fact that a counterclaim is a suit or process. It didn't really get into the question of the jurisdiction, of whether the claim had jurisdiction. And speaking of going back, while we're still on the jurisdiction, the False Claims Act also supports our argument. The False Claims Act prevents duplicate lawsuits from two different relators, let's say. However, and who's ever filed first is good to go. The second one is barred. But if the first case is a counterclaim, and it is jurisdictionally precluded, then the second case is not barred. And that's under Section 31 U.S.C. 3730, subpart B-5. And that was discussed in the Sixth Circuit case of U.S. X-Rail fatigue. Does it say that in the statute? Or are you saying that that's an engrafted court interpretation? The court definitely held it. I have to go back and consult the particular words of the statute. So that's pending. We think that the Court of Federal Claims' reliance on Carey v. Saffer, which is a Supreme Court case dealing with the habeas corpus relief, is inefficient because there the statute provided for exhaustion of state remedies, gave a one-year statute of limitations. That statute of limitation was pending while collateral review was ongoing. The Supreme Court said pending included the time to file a new application, even though there was no time to file the application, under comity, finality, and federalism. Those concerns weren't in play when Congress passed Section 1500. And therefore, I can submit that the Court of Federal Claims' reliance on Carey is inefficient. Also, with respect to... We are into your rebuttal time. Do you want to save it or keep going? I will save the remaining time. Thank you. May it please the Court. Brian Toth from the Department of Justice, representing the United States. First, I'd like to address the Lovelady's question and whether taking this claim, whether it mattered whether the District Court had jurisdiction over the takings claim. It did not. And the precise question in Lovelady's, and this appears in the opinion after Section 2, it says the precise issue in this case is the meaning of the term claims. And the Court goes on to examine the question of whether the District Court had jurisdiction over the takings claim, because it was important at that time to determine whether the request for monetary relief in the District Court was the same. But the Court did say that if there's no jurisdiction over it, that it's a legal nullity, correct? Right, but that was all in the context of determining whether there was jurisdiction to provide monetary relief in the District Court. And that's all part of the inquiry that Tohono O'odham says is essentially obliterated. In terms of what's a reasonable interpretation of Lovelady, I understand that Eastern Shawnee was vacated, but the portion of Eastern Shawnee that addressed Lovelady was not at issue in Tohono. So at least that panel reasonably read Lovelady to say exactly what the appellant is saying it says. I would urge the Court to go back and listen to the supplemental argument after remand for the Supreme Court in that case. This issue was discussed at length, and the unpublished decision that came after that is very succinct. It doesn't address this issue, but it was fully vetted in the argument, and the panel had all these arguments that we made not reasonable for it. I think it was Rule 36, wasn't it? I mean, there wasn't even an opinion. No, that's correct. That's the ultimate in succinct, I think. Very well. But I'd urge the Court to go back and listen to that argument if it's appropriate. Let's go to the pending issue. Having been on the District Court, I know what happens. You enter a judgment, and that judgment becomes final, and the case is closed on the District Court docket. So if the statute says pending in any court, there is a period that is essentially limbo where there is nothing on the District Court docket, and there's nothing on the Court of Appeals docket. There's a right to put something on the Court of Appeals docket, but how does that not answer the question? The case is not pending. Well, because there's still a statutory right to put something on the Court of Appeals docket, there's still uncertainty on the part of the government whether it's going to have to continue to bear the burden of defending duplicate lawsuits. So that's part of the purpose of Section 1500. But the statute actually says pending in any court. I mean, it specifically says that it has to be pending in a court, not pending in the government's mind or in the government's sphere, but pending in a court. And it isn't actually pending in a court during that period. Well, when the Supreme Court looked at this in the Kerry case, albeit in a different context, in the Anti-Terrorism and Effective Death Penalty Act, they looked at the plain language of pending and concluded that in that interim, the plain language of pending meant that the case was pending. But that was in the death penalty context. They were talking about having to exhaust state remedies, and they're saying that during that period of time you still have the right to keep moving through. That's an entirely different context than a statute that specifically talks about pending in a court. Well, I mean, this statute is also a condition on the government's waiver of sovereign immunity, and I'm not sure that that's... I haven't done the research, but I'm not sure that's the same as the Anti-Terrorism and Effective Death Penalty Act. I mean, it was regarding a state conviction. We have to look at this in the context in which it's presented, though, not the overlay of an exhaustion of a right by state law with respect to the death penalty. But that's correct. But what Grant has to show, because of the canon of construction that waivers of sovereign immunity are construed in the government's favor, is that there's only one correct reading of the statute, and that's the one he's advocating. And the fact that we're trying to address these questions, if it indicates that there's any ambiguity in the statute, then the government wins, and the statute must be... Can I ask you just to clarify a point in your exchange with Judge O'Malley? I think we have the docket sheet in the appendix in this case. In this particular case, do you know... I just don't know the answer to this, whether or not the Court of Federal Claims Act or the district court closed the case, whether the case was officially closed on the docket or not. I don't know. But it issued judgment. It issued a partial judgment on the Quiet Title Act claims. And then two days later, it issued an order dismissing the takings counterclaim. But if it wasn't closed, the Court of Appeals couldn't have exercised jurisdiction, correct? We didn't make an argument that there was a lack of finality because the partial judgment took care of the Quiet Title Act claims, and the only thing remaining was the takings claim, which the Court had dismissed in subsequent orders. So although there wasn't, to my recollection, a termination... If you have finality and you're arguing that that's not... that doesn't satisfy the pending part of your claim, aren't you forcing litigants into courses of action they may not want to take? Well, that's the point of Section 1500. I mean, we're up here trying to apply a jurisdictional statute that Congress has enacted to the best of our ability in a way that's clear and that people can predict the results of. And the fact that some... that a litigant might be put to the choice of different remedies and that might put him or her in a hard spot is precisely a result that the Supreme Court has recognized is tolerable because of the history of the statute. At the point that the judgment was entered, which court was a claim pending in? Well, the judgment had been entered, but there were still rights in the district court, for example, to file a motion for reconsideration under 1500. Those are speculative in nature. I mean, and the statute doesn't address that. It says pending in a court. Right. And that's plain. No, I understand. But if the court's going to construe 1500 to allow for these gaps in time where suits can be filed, it's going to result in the same problems that we see in unpredictability with the order of filing rule where one day there's jurisdiction and poof, the next day... Yeah, but that's a rule that this court has in place. I mean, I know you say we should get rid of it and throw it out, but we can't throw it out except if we do it on bond, right? I don't believe so because I think the... I mean, there's a question whether it was a good law in the first place, but putting that aside, I think Tehono O'odham has substantially undermined the basis. And I understand if this court doesn't want to reach that conclusion in this case, the court doesn't need to reach that issue. Tehono addressed a very specific issue, and that was whether or not the difference in remedies would impact the application of 1500, and it said no. I mean, yes, there was a lot of broad language, but that was the only holding in Tehono. No, I agree with that. And I would just say that, you know, this is an issue the court does not need to reach. My only point in addressing Judge Brin's question in mentioning that order of filing rule is to say that to adopt a rule as the branch is advocating, it raises the same concerns in a new context that suddenly one day there's no jurisdiction and the next day there is. So under your theory, again, now remember, you keep talking about them having a choice of remedies. This was the government who went in and sought the declaration of abandonment and sought the quiet title, correct? That's correct. All right, so you forced them into district court. Well, we did file the suit, and, you know, they counterclaimed, but they didn't have to file a quiet title, that counterclaim, to get the benefits of a judgment in their favor. So you're saying that they should have waived any rights to file a compulsory counterclaim. Well, they could have done that, and if they had prevailed, you know, or, you know, if they prevailed in the district court or the Tenth Circuit without the counterclaim, the judgment would still bind the government by virtue of res judicata. The problem is 1500 was supposed to avoid manipulation of the process, and what you're saying is that we should interpret 1500 in a way to allow the government to manipulate the process. Well, no, I'm not saying that, and there's no suggestion here that the government manipulated the process in this case or any other case. But you did argue they should have waived their right to object to the district court's determination on the quiet title, right? Not object... They could have decided not to file a counterclaim and then brought their takings claim in the CFC. But you're saying that they were not even allowed to appeal the district court's determination on the quiet title, regardless of whether they asserted a counterclaim. Well, the notice of appeal this court has... Yes, you said that in your record. Right, the court has construed the notice of appeal to be a suitor process within the meaning of 1500, and there's nothing challenging that question. So your answer is the only way they could have preserved any right to seek compensation from the government for the taking of their property is to waive their ability to appeal the determination that the government had the right to take their property. Right? Well, I mean, I don't know that that's entirely correct. I mean, you're right that an appeal would be a suitor process under 1500. But if we take their complaint in the CFC, a well-pleaded complaint, and take it on its face, they're alleging that the taking stemmed from the district court's decision, and it's not clear when the statute of limitations begins to accrue there. I mean, the limitation you're talking about is a sequence of filings. If they wait until the appeal is concluded, they have no problem bringing their complaint in the CFC. The only issue is the timing. But the problem is you're arguing in the CFC that the statute of limitations on the taking actually kicked in sooner, or you certainly are arguing that now in this brief. So in other words, you're putting them in a no-win situation. You're saying, wait, and then you can make your argument later, but we're going to then argue that it's too late. Well, there's a question about how to construe their complaint, and they allege what appears to be a taking resulting from the district court's decision. Our red brief talks about the statute of limitations going back to the time of abandonment, but that's under our theory of the case. Accepting their complaint as alleging a taking stemming from the district court's decision, it's not clear that the statute of limitations has run out on that or has begun to run. For example, it's just not a settled question when the statute of limitations begins. But there's no doubt that you would argue that it had run, correct? I'm not sure on that. I don't know the position in the United States because we haven't been asked to take that position in the CFC in this case. Let me look at some of your hypotheticals that you pose in your brief. You say, for instance, is the case pending between the time this court issues a decision and the right to seek and embank occurs? Well, clearly it's still pending because no mandate is issued. We haven't entered that judgment that's akin to the district court judgment that closes the case. And then you pose the hypothetical, well, is the case not still pending when the time for cert is running after our mandate issue? But if the case were just still pending, then nobody would have to follow our ruling because they would be able to say, no, the case is still pending. I don't have to seek a stay from the Court of Appeals or from the Supreme Court because I don't have to go ahead and listen to what the Court of Appeals said if the matter were still pending. Wouldn't that be the case? No, I mean, the judgments at various stages can have effects outside the context of Section 1500. I mean, depending on state law, there may be collateral estoppel effect from a district court judgment even though it may be on appeal. So I think it's a different context to ask whether parties have to obey a mandate of this court. They certainly do. Whether parties have to obey a judgment absent a stay of the judgment pending appeal, they certainly do. But when we... Those concepts don't translate so perfectly into the context of 1500, which being a waiver of the government's sovereign immunity has to be construed in favor of immunity if there's any ambiguity. Let's turn then to the issue of comparing the average effect. Your brief is somewhat confusing on this. First, you seem to say that what we are to compare is the quiet title to the takings claim in the Court of Federal Claims. And then you sort of slide into a little bit of saying, well, or maybe we could also compare it to the takings counterclaim. But that's not the primary thrust of your argument, or at least it doesn't seem to be. So what are you arguing? Well, the court only need to find... I mean, both substantially overlap. Don't get me wrong. Both of the counterclaims substantially overlap with the CFC complaint. The court, after trusted integration, need only find that one of the counterclaims substantially overlaps to find section 1500 satisfied in the suit barred. Clearly, if the court decides that Loveladies didn't decide the question about jurisdiction or that Loveladies is no longer good law on that point, then the takings counterclaim is still in play. And it overlaps all but perfectly with the CFC complaint, but for the fact that it was tweeted in the hypothetical in the district court that if the district court were to quiet title in favor of the United States, then there would be a taking. CFC complaint is virtually the same, except that event that was anticipated, the district court judgment, has now occurred. And they say, now that the district court has quieted title in favor of the government, there has been a taking. So they are all but identical. And that would decide the case by itself without having to get into the substantial overlap of the quiet title act. I would like to address just briefly the false claims act case law that my opponent cited. I think he relies primarily on the Sixth Circuit case Medtronic. But if you look at that case, the court actually said where a claim is dismissed on the merits, it is still pending in this interim time period, where it's dismissed for lack of jurisdiction. It is not. That's the distinction to make there on the facts of the case. But certainly the False Claims Act, it's not a, their actions brought by a relative on behalf of the United States are not brought against the United States. So there's no waiver of sovereign immunity. That candidate construction doesn't come into play in that context. I think we've discussed Kerrigan-Saffold. But as to Boston 5 cents, I think Judge Post, you have it absolutely right. It doesn't address the same situation as in this case because the claim in that case was not added to the case. There was a motion made, but the claim, it was never granted. So the claim never- But the government did argue, though, that the claim was pending because the request added had been pending. That's correct. And I mean, the government has accepted that. The result there, to my knowledge, that hasn't been challenged on subsequent cases that rule in that limited context. And that case is from 1989. The government has considered the position since then and has recently adopted a different position here. OK. Time has expired. Very well. Thank you. First of all, the False Claims Act statute provision doesn't talk about jurisdiction. So that is, indeed, court-made law. With respect to pending, we still think it's unambiguous. And to get to where the Court of Federal Claims got, you had to add terms to the statute. Has pending in any other court, or for which the time to appeal has not expired. Courts can't add language to statutes. Sovereign immunity, the canon of construction for sovereign immunity doesn't apply here. Just Compensation Clause is self-executing. Section 1500 is not the waiver. If there is a waiver, it's not the waiver. It was originally passed to, you know, limit double recovery from the cotton plants. Plus, since the word pending is unambiguous, there's no room for construction. And the canon of construction is just one tool that we used. But a court also has an obligation to exercise the jurisdiction that it has. And the obligation to exercise jurisdiction trumps the waiver or the canon of construction. And we've talked about the situation where Brant and other property owners are going to be faced, in which they must decide, or as one Court of Federal Claims mentioned, it was Morton's fork, either fight for title or come see a taking. And we shouldn't, the framers didn't intend us to make that election, neither did Congress, and therefore we respectfully request that the Court reverse the judgment of the Court of Federal Claims and remand. Thank you. Thank you. The case is submitted. We thank both counsel. That concludes our proceedings this morning. All rise. The Honorable Court is adjourned from day to day.